IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 20 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-02689-BNB

JOHNNY L. REYNOLDS, # 113703,

Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS (CDOC), et al., and
OFFICIALS ACTING IN THEIR PERSPECTIVE DUTIES,

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Johnny L. Reynolds, is a prisoner in the custody of the Colorado Department of Corrections (DOC), who currently is incarcerated at the Limon, Colorado, Correctional Facility. Mr. Reynolds initiated this action by filing a *pro se* Prisoner Complaint alleging that his constitutional rights are being violated. He seeks money damages and injunctive relief.

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Reynolds will be ordered to file an Amended Complaint, name proper parties to the action, and assert how each named party violated his constitutional rights.

The Court has reviewed the Complaint and finds that it is deficient. Mr. Reynolds may not sue the Colorado Department of Corrections. The State of Colorado and its

entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Medical Center*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n*, 328 F.3d 638, 644 (10th Cir. 2003).

The Eleventh Amendment, however, does not bar a federal court action so long as the plaintiff seeks in substance only prospective relief, rather than money damages for alleged violations of federal law, and asserts claims against individual state officers. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 277 (1997); *Hill v. Kemp*, 478 F.3d 1236 (10th Cir. 2007). If Plaintiff is asserting that DOC policies, regarding the denial of sexually oriented publications, violate federal law he must name the DOC officials who are responsible for establishing or implementing those DOC policies.

If, however, Plaintiff is asserting that DOC employees are failing to abide by DOC policy, Plaintiff must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Reynolds must name and show how the DOC employees caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Plaintiff will be directed to file an Amended Complaint that alleges how each properly named defendant personally participated in the asserted constitutional violation. In order for Mr. Reynolds to state a claim in federal court, he must explain in his Amended Complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Reynolds file **within thirty days from the date of this Order** an Amended Complaint that is in keeping with the instant Order and names the proper parties to the action. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Reynolds, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. Reynolds fails within the time allowed to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice.

DATED February 20, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02689-BNB

Johnny L. Reynolds
Prisoner No. 113703
Limon Correctional Facility
Unit 6-C
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 2/20/09

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk